# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
# FOURTH DIVISION

| | |
|---|---|
| CATRINA JOHNSON, | CASE FILE 15 CV _____ ____/____ |
| Plaintiff, | **COMPLAINT** |
| vs. | **JURY DEMANDED** |
| CITY OF MINNEAPOLIS, MINNESOTA, a government entity and political subdivision of the state of Minnesota, | |
| AND | |
| ROBERT HEIPLE, Badge #2890 in his individual capacity acting under color of law as a Minneapolis Police Officer, | |
| Defendants. | |

## INTRODUCTION

Plaintiff Catrina Johnson, a disabled adult, sues Officer Robert Heiple for infliction of excessive, unreasonable force as a Minneapolis peace officer, acting under color of law, on 1 July 2013 at her domicile, 3600 Penn Avenue North #104, Minneapolis, Minnesota 55412, in violation of her clearly protected right under the Fourth and Fourteenth Amendments to the United States Constitution to be free from infliction of excessive, unreasonable force on account of her 9-1-1 call and her peaceful verbal communication to Officer Heiple. She sues Officer Heiple for common law battery for the same misconduct. She sues the City of Minneapolis for common law battery on the basis of *respondeat superior* on account of Officer Heiple's actions. She sues Minneapolis for violation of her Fourth and Fourteenth Amendment rights by Officer Heiple per *Monell*. She demands a jury trial.

1

## JURISDICTION

1. This lawsuit asserts claims under United States law, specifically, U.S. Const. amend. IV and XIV, through 42 U.S.C. § 1983.

2. 28 U.S.C. § 1331 vests jurisdiction in this court.

## VENUE

3. The substantial number of events at the heart of this lawsuit took place in Minneapolis, Hennepin County, Minnesota.

4. Plaintiff lays venue in the District of Minnesota per 28 U.S.C. § 1291.

5. Plaintiff lays venue in the Fourth Division of the District of Minnesota per LR D. Minn. 83.11.

## PARTIES

6. Plaintiff Catrina Johnson is an adult individual.

7. Ms. Johnson domiciles at 3600 Penn Avenue North, Apartment 104, Minneapolis, Hennepin County, Minnesota 55412.

8. Ms. Johnson is disabled.

9. Ms. Johnson's psychological disability is complex post-traumatic stress disorder.

10. Ms. Johnson's physical disability is lower extremity arthritis, manifesting in misaligned knees that require her to use a cane for standing and walking at all times.

11. Ms. Johnson takes prescription medication for her psychological disability, per order of her treating psychiatrist.

12. Ms. Johnson takes prescription medication for her lower extremity arthritis, per

order of her orthopedic specialist.

13. Ms. Johnson was already receiving SSI Social Security payments at the time of the incident at the heart of the lawsuit.

14. At all times relevant to the incident at the heart of the lawsuit, Ms. Johnson needed her cane.

15. At all times relevant to the lawsuit, Ms. Johnson communicated to Defendant Heiple that she needed her cane for standing and walking.

16. Ms. Johnson continues to receive SSI as of the date of this complaint.

17. Defendant Robert Heiple is an adult individual.

18. At all times relevant to this lawsuit, Defendant Heiple acted under color of law as a uniformed Minneapolis peace officer.

19. At all times relevant to this lawsuit, the City of Minneapolis employed Defendant Heiple as an active duty, uniformed peace officer.

20. At all times relevant to this lawsuit, Defendant Heiple acted in the course and scope of his employment as a uniformed Minneapolis peace officer.

21. The City of Minneapolis (Minneapolis) is a political subdivision of the state of Minnesota.

22. Minneapolis is the county seat of Hennepin County, Minnesota.

23. At all times relevant to this lawsuit, Minneapolis employed Defendant Heiple as a peace officer.

## THE FACTS

24. On 1 July 2013, Plaintiff's son, Jareese Johnson, lived with Plaintiff.

25. Plaintiff's son was 17 years old at the time.

26. He is now 19 years old.

27. On 1 July 2013, on or near 10:20 a.m., Jareese cursed out Plaintiff, showed verbal disrespect, kicked walls and the television in the dwelling, and threw chattels around in the back room that hit the walls.

28. Plaintiff told her son to stop, and when he did not, she told him to leave.

29. Jareese did not restrain himself.

30. Plaintiff made it clear to her son that she would call the police on him for his misconduct.

31. He did not stop.

32. Plaintiff called 9-1-1 to call the police.

33. Jareese grabbed her phone and then grabbed her cane.

34. Jareese cornered Plaintiff.

35. Plaintiff's neighbor Mark Moriarty arrived at Plaintiff's dwelling to find out the source of the noise.

36. Mr. Moriarty separated Jareese from his mother.

37. Plaintiff got out of the corner where her son had her.

38. Fewer than ten minutes later, Defendant Heiple and Officer Scott Buck, Minneapolis P.D., arrived.

39. The door was open when the police arrived.

40. The police officers walked into the dwelling.

41. Defendant Heiple and Officer Buck separated Plaintiff from her son.

.

42. Officer Buck asked Plaintiff whether she wanted her son arrested.

43. Plaintiff requested that the officers remove her son from her dwelling.

44. Officer Buck asked her whether her son had threatened.

45. Plaintiff answered, "Yes."

46. Officer Buck left Plaintiff's presence, and walked out the front door into the common area hallway of Plaintiff's apartment.

47. Plaintiff was preparing to close and lock the front door, when Defendant Heiple, Jareese, and Officer Buck fell through the doorway, as the officers were attempting to restrain and arrest Plaintiff's son.

48. Defendant Heiple fell to the floor first, then Jareese, and then Officer Buck.

49. Plaintiff moved backwards from the three falling men, without touching any of the men.

50. Defendant Heiple, the short officer asked Plaintiff, "Did you just f**king kick me?

51. Plaintiff said, "No."

52. Heiple said, "Yes, you did."

53. Plaintiff repeated, "No, I didn't."

54. Heiple then declared, "I'm arresting your ass. Drop everything you've got"

55. Heiple got up, called on his shoulder radio for backup, and said, "We've got some animals here."

56. Heiple grabbed Plaintiff without any provocation on Plaintiff's part.

57. Heiple threw Plaintiff against her living room wall, and said at the same time, "You niggers are all the same, just like animals."

5

58. Heiple grabbed Plaintiff, slung her around, and she hit the living room table.

59. Heiple snatched her back again, and threw Plaintiff on the floor.

60. Plaintiff reached for her phone on the floor, she depressed the talk button, and reached Jareese's father on the phone.

61. On information and belief, Jareese's father, Maurice Hopkins of Minneapolis, heard everything that took place in the living room once Plaintiff made the telephone connection.

62. Heiple took Plaintiff's right arm behind her back, twisted up, and put his right knee in the back of Plaintiff's head.

63. Then Heiple put his knee in the middle of Plaintiff's back.

64. At all times, Plaintiff was in her night gown.

65. By the time Heiple had his knee in her back, Plaintiff's gown was up and exposed her naked person.

66. Mark Moriarty exclaimed, "She's down! You don't have to do her like that."

67. Heiple yelled, "Get out of here" to Moriarty.

68. Moriarty stayed in the living room.

69. Other Minneapolis police officers arrived in the living room.

70. One or more of the officers had handcuffs.

71. Another officer, neither Heiple nor Buck, handcuffed Plaintiff.

72. As Heiple threw Plaintiff and kneed her in the head and back, Officer Buck was restraining Jareese Johnson.

73. As another officer handcuffed Plaintiff, Mr. Moriarty pulled her gown down to

6

cover her naked person.

74. Plaintiff was face-down on the floor.

75. Another officer steadied a bicycle leaning against the wall, to keep Heiple from pulling the bicycle down on Plaintiff's head.

76. As officers were picking up Plaintiff and dragging her out of her apartment, Plaintiff stated loudly, "I need my cane."

77. Heiple answered her, "You don't need that damn cane."

78. Officers led Plaintiff out of her apartment.

79. Plaintiff saw five or six squad cars on the street.

80. One red-headed female officer repeatedly told Plaintiff, "You f**kicked him. Shut the f**k up."

81. Plaintiff suffered a bruise on the right side of her face because of Heiple.

82. Plaintiff's niece Sabrina Price, 3113 Oliver Ave. N., Minneapolis, MN 55412, arrived on the scene, when Plaintiff was in the squad car.

83. Plaintiff asked her niece to get the phone and keys to lock the apartment.

84. The female officer told Sabrina to get away from the car.

85. Officer Buck transported Plaintiff to the adult detention center (ADC) near police HQ.

86. Officer Buck calmed Plaintiff down.

87. Officers at the ADC instructed Officer Buck to take Plaintiff to Hennepin County Medical Center (HCMC).

88. Officer Buck took her to HCMC.

89. Medical caregivers at HCMC treated Plaintiff for back pain and arm pain.

90. The caregivers administered liquid oxycontin to Plaintiff.

91. Plaintiff spent three days in HCMC.

92. Plaintiff suffered no criminal charges from the incident – no summons, no tab charge, no warrant, and no court date.

93. Plaintiff suffered the following physical injuries:

- Bruised right side of face;
- Bruises around right wrist;
- Bruises on right shoulder blade; and
- Immobility of her right arm;

94. Plaintiff suffered psychological injuries, including

- Recurrent nightmares; and
- Flashbacks that compelled Plaintiff to leave her house.

95. Defendant suffered property damages as follows:

- Broken living room table;
- Two broken porcelain dolls;
- Broken porcelain elephants (2); and
- Torn curtain rods

96. Plaintiff required medical and psychological care from

- Brakins Psychological Counseling.
- Emergency room treatment at Hennepin County Medical Center (HCMC)

## CLAIM I: EXCESSIVE FORCE (U.S. CONST. AMEND. IV AND XIV, THROUGH 42 U.S.C. § 1983)

97. Plaintiff realleges and reasserts each and every claim and averment above.

98. Defendant Robert Heiple, under color of law in his individual capacity as a Minneapolis police officer, unreasonably seized and inflicted excessive, unreasonable force upon the person of the plaintiff, without lawful authority, in violation of her clearly established Fourth Amendment right to be free from excessive, unreasonable force.

99. Defendant Heiple inflicted damages upon plaintiff.

## CLAIM II: COMMON LAW BATTERY

100. Plaintiff realleges and reasserts each and every claim and averment above.

101. Defendant Heiple made offensive contact against the person of the plaintiff, without consent or other lawful authority, in violation of her common law right to be free from offensive bodily contact or violation to dignity and security of her person.

102. Defendant Heiple inflicted damages upon Plaintiff.

## CLAIM III: COMMON LAW BATTERY (RESPONDEAT SUPERIOR) AGAINST CITY OF MINNEAPOLIS

103. Plaintiff realleges and reasserts each and every claim and averment above.

104. Defendant Heiple acted in the course and scope of his employment as a Minneapolis police officer.

9

105. Defendant City of Minneapolis is liable to Plaintiff for the common law tort of battery inflicted upon her by Defendant Heiple.

106. Defendant City of Minneapolis inflicted damages upon Plaintiff.

## CLAIM IV: UNREASONABLE SEIZURE (FALSE ARREST AND CONFINEMENT) IN VIOLATION OF U.S. CONST. AMEND. IV AND XIV, PROTECTED THROUGH 42 U.S.C. § 1983)

107. Plaintiff realleges and reasserts each and every claim and averment above.

108. Defendant Heiple unreasonable seized and caused the confinement of Plaintiff at the Hennepin County Adult Detention Center, without lawful authority, without warrant, without probable cause, and in direct violation of Plaintiff's clearly established Fourth and Fourteenth Amendment right to be free from warrantless, unreasonable seizure.

109. Defendant Heiple inflicted damages upon Plaintiff.

## CLAIM V: COMMON LAW FALSE ARREST

110. Plaintiff realleges and reasserts each and every claim and averment above.

111. Defendant Heiple falsely arrested Plaintiff in violation of her common law right to be free from false arrest.

112. Defendant Heiple inflicted damages upon Plaintiff.

## CLAIM VI: COMMON LAW FALSE ARREST (RESPONDEAT SUPERIOR) AGAINST CITY OF MINNEAPOLIS.

113. Plaintiff realleges and reasserts each and every claim and averment above.

114. Defendant Heiple acted in the course and scope of his employment as a

10

Minneapolis police officer at all times relevant to this lawsuit.

115. Defendant City of Minneapolis, per *respondeat superior*, is liable to the Plaintiff for Defendant Heiple's false arrest of Plaintiff.

116. Defendant Minneapolis inflicted damages upon Plaintiff.

## CLAIM VII: COMMON LAW FALSE IMPRISONMENT

117. Plaintiff realleges and reasserts each and every claim and averment above.

118. Defendant Heiple falsely imprisoned Plaintiff in violation of her common law right to be free from false imprisonment.

119. Defendant Heiple inflicted damages upon Plaintiff.

## CLAIM VIII: COMMON LAW FALSE IMPRISONMENT (RESPONDEAT SUPERIOR) AGAINST CITY OF MINNEAPOLIS.

120. Plaintiff realleges and reasserts each and every claim and averment above.

121. Defendant Heiple acted in the course and scope of his employment as a Minneapolis police officer at all times relevant to this lawsuit.

122. Defendant City of Minneapolis, per *respondeat superior*, is liable to the Plaintiff for Defendant Heiple's false arrest of Plaintiff.

123. Defendant Minneapolis inflicted damages upon Plaintiff.

**PRAYER FOR RELIEF**

**WHEREFORE PLAINTIFF PRAYS FOR THE FOLLOWING RELIEF:**

A. Judgment against the Defendants, jointly and severally;

B. Compensatory damages against the Defendants, jointly and severally, in excess of $75,000, or such sum as the jury awards;

C. Special damages against the Defendants, jointly and severally, in excess of $5,000 for property damage, or such sum as the jury may award;

D. Special damages against the Defendants, jointly and severally, in excess of $5,000, for medical special damages, or such sum as the jury may award;

E. Punitive damages against Defendant Heiple in excess of $75,000, or such sum as the jury may award, for Plaintiff's Claims I and IV;

F. Prejudgment interest against the Defendants, jointly and severally;

G. Preverdict interest against the Defendants, jointly and severally;

H. Costs and disbursements;

I. Reasonable attorney fees against Defendant Heiple for Plaintiff's Claims I and IV, per 42 U.S.C. § 1988; and

J. All legal and equitable relief appropriate under the circumstances.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS TRIABLE TO THE JURY.**

Reviewed and signed per Fed. R. Civ. P. 11 and Minn. Stat. § 549.211

29 June 2015                    Respectfully submitted for Plaintiff:

                                PETER J. NICKITAS LAW OFFICE, L.L.C.

                                /s/ Peter J. Nickitas
                                _____
                                Peter J. Nickitas, MN Att'y #212313
                                Attorney for the Plaintiff
                                431 S. 7th St., Suite 2446
                                P.O. Box 15221
                                Minneapolis, MN 55415-0221
                                651.238.3445/FAX 1.888.389.7890
                                peterjnickitaslawllc@gmail.com